SHER TREMONTE LLP

June 30, 2019

**BY EMAIL**

Nadia Moore
Nicholas Moscow
Assistant United States Attorneys
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    *United States v. Kendall Johnson, et al.*, **19-CR-284 (RJD)**

Dear Ms. Moore and Mr. Moscow:

    As you know, I represent Kendall Johnson in the above-referenced matter. I write to request discovery.

    In addition to any information and documents that the government has already agreed to produce, Mr. Johnson requests that the government produce the following materials and information pursuant to Rules 16 and 7(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 105 (1972), and its progeny, and the Fifth and Sixth Amendments to the United States Constitution.

    Each request calls for all responsive items which are within the possession, custody, or control of the government and are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and I request prompt notice if responsive information comes to the government's attention at any point in the future. If the government declines to provide any information requested, please advise me of the government's objection so that I can consider bringing any dispute to the Court's attention.

    **I.**    **Statements of Kendall Johnson**

1.    All records, reports, memoranda, notes, or other writings that contain the substance of any oral statement made by Mr. Johnson to government or law enforcement authorities, whether or not the government intends to use any such statements at trial. *See* Fed. R. Crim. P. 16(a)(1)(A). This request includes internal reports and memoranda prepared by law enforcement agents to the extent that statements of Mr. Johnson are related or described within. Where a statement is contained in more than one writing, please provide each such writing.

2.    All written or recorded statements made by Mr. Johnson, at any time and in any context, regardless of the government's intentions with respect to their use at trial. *See* Fed R. Crim. P. 16(a)(1)(B).

3.      The substance of all oral statements made by Mr. Johnson to government or law enforcement authorities that have not been previously disclosed and that have not been disclosed pursuant to Requests 1 and 2 above and that the government may use at trial. *See* Fed. R. Crim. P. 16(a)(1)(A). This request includes not only statements that the government intends to introduce at trial, but also statements that the government may use for impeachment or other purposes.

4.      All recorded testimony of Mr. Johnson or of any person authorized to legally bind Mr. Johnson or to make admissions on Mr. Johnson's behalf before any grand jury.

5.      With respect to the government's due diligence obligation, please provide the name and whereabouts of any government agent or employee who has had contact with Mr. Johnson, but who has not been interviewed to determine whether Mr. Johnson made statements in his or her presence.

## II.     Documents and Tangible Objects

6.      Copies of all books, papers, documents and photographs that are material to the preparation of the defense or are intended for use at trial. *See* Fed. R. Crim. P. 16(a)(1)(E).

7.      A description of all tangible objects, building or places material to the preparation of the defense, intended for use at trial or obtained from Mr. Johnson, which have not already been described or produced by the government. *Id.*

8.      The results or reports of any examination or scientific test. *See* Fed. R. Crim. P. 16(a)(1)(F).

9.      A detailed description of any documents, objects or physical evidence relating to this case that have been destroyed or lost, or are no longer in the custody or control of the government. If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

10.     Details regarding any searches conducted in the course of this investigation and whether or not items seized in the search will be introduced by that government as evidence at trial, including but not limited to the premises searched, the date of the search, copies of any warrants and applications for warrants, the names of the officers who conducted the search, descriptions of any items seized, the name of any individual purporting to give consent to any such search and the purported relationship between that period and the premises searched.

11.     As a predicate to motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure, I further request that the government turn over any and all applications, affidavits or affirmations, orders and other documents which relate to any wire, electronic, oral, or video surveillance conducted in conjunction with any investigation underlying or related to this case.

### III. Charts, Summaries, Analyses or Reports

11.  All charts, summaries or calculations reflecting the contents of writings or other documents that are either (a) material to the preparation of the defense, or (b) intended for use by the government as evidence in its case-in-chief at trial.

12.  Copies of all handwriting exemplars or handwriting samples used to perform any handwriting analyses in connection with the investigation in this case.

### IV. Hearsay Testimony

13.  Please state whether the government intends to offer any hearsay evidence pursuant to Rules 803(24) and/or 804(5) of the Federal Rules of Evidence. If so, provide the information required by the Rules. This includes any statement by any alleged co-conspirator that the government intends to admit against any defendant at trial.

### V. Other Crimes, Wrongs, or Acts

14.  Please describe any evidence of uncharged conduct of Mr. Johnson that the government intends to introduce at trial. Fed. R. Evid. 404(b).

### VI. Expert Testimony

15.  Please disclose any evidence that the government may present at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence by providing a written report prepared and signed by the witness that includes a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information relied upon in forming such opinions, and the qualifications of the witness. *See* Fed. R. Crim. P. 16(a)(1)(F).

### VII. *Brady* and *Giglio* Material

16.  In addition to the above, please provide all documents, books, papers, photographs, tests or experiments, objects, statements of witnesses, and other evidence and information that (i) tends to exculpate Mr. Johnson, (ii) may be favorable or useful to the defense as to either guilt or punishment, or (iii) tends to affect the weight or credibility of evidence to be presented against Mr. Johnson. This includes all statements made by any of Mr. Johnson's coconspirators or any other witnesses, including all testimony given before the grand jury. This request applies to evidence that is within the possession, custody or control of the government, known by the government or could by the exercise of due diligence become known to the government. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); U.S. Attorney Manual § 9-5.001.

17.     If the government possesses information responsive to this request but takes the position that it does not fall within its *Brady* and *Giglio* obligations, please inform me so that I may seek the Court's intervention.

### VIII.  Reservation

I expressly reserve the right to seek subsequent items of discovery not requested here, if the need arises out of the disclosures made by the government pursuant to this request.

Thank you for your cooperation.

Sincerely,

/s/
Noam Biale
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
T: (212) 202-2600
F: (212) 202-4156
nbiale@shertremonte.com

*Attorney for Kendall Johnson*

cc:     The Honorable Raymond J. Dearie (by ECF)

AUSAs Nadia Moore and Nicholas Moscow
June 30, 2019
Page 4 of 4

17.     If the government possesses information responsive to this request but takes the position that it does not fall within its *Brady* and *Giglio* obligations, please inform me so that I may seek the Court's intervention.

### VIII.  Reservation

I expressly reserve the right to seek subsequent items of discovery not requested here, if the need arises out of the disclosures made by the government pursuant to this request.

Thank you for your cooperation.

Sincerely,

/s/
Noam Biale
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
T: (212) 202-2600
F: (212) 202-4156
nbiale@shertremonte.com

*Attorney for Kendall Johnson*

cc:     The Honorable Raymond J. Dearie (by ECF)